UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERRY RAY DAVIDSON, <br><br> Petitioner, <br><br> v. <br><br> KEVIN GENOVESE, <br><br> Respondent. | Case No. 3:16-cv-01334 <br><br> Judge Eli J. Richardson <br> Magistrate Judge Alistair E. Newbern |

# MEMORANDUM ORDER

Petitioner Jerry Ray Davidson has filed an amended petition for a writ of habeas corpus that presents more than sixty claims for relief.[1] (Doc. No. 25.) The amended petition addresses alleged insufficiency of the evidence underlying his first-degree murder conviction, ineffective assistance of trial counsel (IATC), ineffective assistance of post-trial and appellate counsel, discrimination in jury selection under *Batson v. Kentucky*, 476 U.S. 79 (1986), failure to disclose evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), and other issues. (*Id.*) The State of Tennessee answered Davidson's amended petition, arguing (1) that the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), requires Davidson to exhaust state review procedures for each claim before presenting it to this Court; (2) that Davidson has not shown that he is entitled to relief on any of the exhausted claims, and (3) that Davidson has not shown the required cause and prejudice for this Court to excuse his failure to exhaust the remaining claims, including by failing to show that ineffective assistance of post-

---

[1] Davidson's amended petition includes nineteen enumerated claims for relief, many with multiple sub-claims that raise the total number of asserted claims to more than sixty. (Doc. No. 25.)

trial counsel provides cause for excusing Davidson's procedurally defaulted claims for ineffective assistance of trial counsel under the Supreme Court's opinion in *Martinez v. Ryan*, 566 U.S. 1 (2012).[2] (Doc. No. 38.) Although Davidson's amended petition includes a plethora of claims, it includes very little argument as to why those claims entitle him to the writ he seeks. Perhaps addressing this deficiency, Davidson's reply in support of his amended petition "set forth [his] general position about his claims . . . to clarify the issues going forward" and stated that he would "more fully develop and discuss the issues noted in [ ]his reply" in accordance with the Court's "established [ ] schedule for discovery, dispositive motions, and a motion for evidentiary hearing." (Doc. No. 47, PageID# 11020.)

But the opportunity to develop his claims more fully that Davidson anticipated did not arrive. Davidson moved for discovery related to six of his claims (Doc. No. 51), but the Court found that he had not shown good cause for the requested discovery and denied the motion (Doc. No. 60). Davidson then moved for an evidentiary hearing under *Martinez* regarding at least fourteen claims.[3] (Doc. No. 70.) The Court denied the motion, finding that it "d[id] not explain why an evidentiary hearing [wa]s necessary to establish cause and prejudice for [Davidson's] procedurally defaulted claims" and "d[id] not identify or describe any new evidence regarding his post-conviction counsel's ineffectiveness or the substantial nature of Davidson's underlying IATC claims that he would offer at a hearing." (Doc. No. 75, PageID# 11174.) The Court further found

---

[2] "In *Martinez*, the Supreme Court held that ineffective assistance of post-conviction counsel may, in some circumstances, establish cause to overcome the procedural default of a substantial claim of ineffective assistance of trial counsel (IATC)." (Doc. No. 75, PageID# 11152 (citing 566 U.S. at 17).)

[3] Davidson specifically mentioned fourteen claims in his brief supporting his motion for a *Martinez* hearing but also argued that, "[f]or reasons stated in his Amended Complaint and his Reply, Mr. Davidson submits that he is entitled to an evidentiary hearing on his other defaulted claims." (Doc. No. 70, PageID# 11131 (citation omitted).)

that, because "the record demonstrates that the state post-conviction court considered several of the claims for which Davidson now seeks a *Martinez* hearing on the merits during initial collateral review[,] [t]his Court is [ ] prohibited from hearing additional evidence regarding those claims" under the Sixth Circuit's opinion in *Moore v. Mitchell*, 708 F.3d 760 (6th Cir. 2013).[4] (*Id.*) After the Court denied Davidson's motion for discovery and before it denied Davidson's motion for a *Martinez* hearing, the State filed a notice that it would "not be filing a dispositive motion, as permitted by this Court's revised scheduling order[,]" and that "this case is ripe for judgment on the parties' pleadings." (Doc. No. 71, PageID# 11133.)

Davidson did not respond to the State's notice and has not sought in any other way to "fully develop and discuss" the merits of the legal issues that he asks the Court to decide after the denial of his motions for discovery and a *Martinez* hearing. (Doc. No. 47, PageID# 11020.) The Court is thus left with what is essentially a preview of coming attractions from Davidson and the rolling of final credits from the State. Further briefing is needed to bridge the procedural gap.

In his filings made to date, Davidson has offered legal argument to support only a subset of the more-than-sixty claims presented in his amended petition. The claims for which Davidson has made no legal argument are now waived.[5] *See, e.g.*, *United States v. Fowler*, 819 F.3d 298,

---

[4] Davidson argued "that *Moore* is wrongly decided" (Doc. No. 70, PageID# 11131), but this Court found that it "must apply existing Sixth Circuit precedent" (Doc. No. 75, PageID# 11180).

[5] Davidson's amended petition and reply failed to present any substantive arguments regarding the following claims: **1b** (sufficiency of aggravated kidnapping evidence); **2g4** (trial counsel failed to object to "flight" jury instruction); **2i1** (trial counsel failed to object to prosecution's comments in closing regarding Davidson's lack of evidence and his failure to deny guilt during interrogation); **2i2** (trial counsel failed to object to prosecution's comments in closing regarding the victim's rights); **2i3** (trial counsel failed to object to prosecution vouching for the state's investigation and for law enforcements' efforts); **2i4** (trial counsel failed to object to prosecution calling Davidson a "predator" in closing arguments); **2j** (trial counsel failed to adequately investigate and present evidence for change of venue and failed to strike jurors who had prior knowledge of the offense and ultimately sat on the jury); **2k** (trial counsel failed to challenge Dr. Harlan's opinion that Jackson died within 24 hours after leaving Bronco's bar with

309 (6th Cir. 2016) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones." (alteration in original) (quoting *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009))). The Court finds that Davidson has provided sufficient argument to allow the following claims to proceed:

- Exhausted Claims:[6]

    o **1a**: that there was insufficient evidence to support Davidson's first-degree murder conviction;

---

Davidson); **2l** (trial counsel failed to limit evidence and/or argument made by the prosecution, including referring to the deceased as a victim); **2m** (trial counsel failed to suppress statements Davidson made to investigators based on his severe mental illness and failed to employ mental health experts to support such arguments); **2n** (trial counsel failed to determine whether any grand or petit jurors were related within six degrees to the victim or any of the parties); **2o** (trial counsel failed to seek a missing evidence instruction based on apparent destruction of evidence by Dr. Harlan); **2p** (trial counsel failed to adequately question jurors); **2q** (trial counsel failed to challenge for cause or use a peremptory strike to remove Juror Anderson); **2r** (trial counsel failed to challenge for cause or use a peremptory strike to remove Juror Jackson); **2s** (trial counsel failed to strike Jurors Jackson, Baldwin, Sensing, and Anderson); **2t** (trial counsel failed to move for a mistrial or curative instruction when prosecution asked Dr. Peretti if he knew that people sometimes cut off heads as trophies and failure to object to the prosecution's characterization of Dr. Peretti as a defense employee); **2u** (trial counsel improperly elicited Dr. Harlan's opinion that victim's death was an intentional act and then failed to move to strike that statement and seek a curative instruction or move for a mistrial); **2v** (trial counsel failed to object to the introduction of inflammatory and prejudicial testimony and photographs); **2w** (trial counsel failed to cross-examine Dr. Harlan about his pattern of misconduct and failed to present evidence of Dr. Harlan's "malfeasance and erroneous conclusions"); **2x** (trial counsel improperly traveled to the hotel where jurors were staying); **2z** (trial counsel failed to object to prosecution's opening statement regarding victim's pain); **2ac** (trial counsel failed to object to the categorical exclusion and exemption from jury service all self-employed persons in the county); **3a–3k**, **3m**, **3o**, and **3p**, which Davidson concedes are procedurally defaulted without cause (Doc. No. 47); **3l** (post-trial and appellate counsel failed to raise claims that victim's daughter giving victim-impact testimony during guilt phase deprived Davidson of a fair trial); **3n** (appellate counsel failed to raise claims on direct appeal that Dr. Harlan's testimony about the time of death was misleading and that Dr. Harlan failed to preserve evidence); **18** (prosecution withheld exculpatory impeachment evidence showing Dr. Harlan's "malfeasance" and "errors" in other cases in violation of *Brady v. Maryland*).

[6] The State concedes that Davidson has exhausted these claims. (Doc. No. 38.)

- **2d**, **2e**, **2f**, **2aa**: IATC claims regarding failure to fully investigate and argue Davidson's mental health and competency;

- **2g1**: IATC claim regarding failure to object to the trial court's "intentional" jury instruction;

- **2h** & **2y**: IATC claims regarding failure to object to the victim's daughter sitting at the prosecution table during jury selection and failure to object to testimony from the victim's daughter during the guilt phase of trial;

- **2ab**: IATC claim regarding failure to object to the prosecution's attacks on defense witness Dr. Foreman;

- **19**: that the cumulative effect of all errors in the trial and appeal deprived Davidson of a fair and reliable trial and direct appeal.

- Procedurally Defaulted Claims:[7]

  - **2a**: IATC claim regarding failure to investigate gender discrimination in the selection of the grand jury foreperson;

  - **2b**: IATC claim regarding failure to move to quash the indictment or to move to dismiss the charges because the grand jury did not comprise thirteen members;

  - **2c**: IATC claim regarding failure to make a complete and supported *Batson* objection to the prosecution's striking of Juror Springer;

  - **2g2**: IATC claim regarding failure to object to guilt-phase jury instructions on the prosecution's burden of proving all essential elements of the offense beyond a reasonable doubt;

  - **2g3**: IATC claim regarding failure to object to the trial court's failure to instruct the jury on the lesser included offense of reckless homicide;

  - **2ad**: IATC claim regarding failure to raise any or all of the constitutional challenges in Davidson's amended petition;

  - **4**: that women were discriminated against, systematically excluded, and underrepresented in the selection of and service as grand jury foreperson in violation of due process, equal protection, and the right to a grand jury selected from a fair cross section of the community;

---

[7] The State argues that these claims are procedurally defaulted. (Doc. No. 38.) Davidson argues that he can overcome any procedural default. (Doc. No. 47.)

- - **5**: that the grand jury only had twelve members instead of the thirteen members required by Tennessee law;

  - **6**: that Juror Springer was unconstitutionally excluded from the jury based on her race;

  - **7**: that the guilt-phase jury instructions relieved the prosecution of its burden of proving all elements beyond a reasonable doubt;

  - **8**: that Davidson was incompetent to stand trial;

  - **9**: that Davidson's conviction was based on the use of a coerced confession;

  - **10**: that Davidson's conviction was based on a violation of his constitutional right against self-incrimination;

  - **11**: that the prosecution withheld notes from District Attorney Investigator Tarpley's interview with Witness Jones in violation of *Brady v. Maryland*;

  - **12**: that the prosecution improperly relied on victim impact evidence to induce the jury to convict Davidson;

  - **13**: that Davidson was deprived of a fair trial because of extensive pre-trial publicity in the areas from which the jury was selected;

  - **14**: that Davidson was deprived of a fair trial and a fair and impartial jury because of comments that a bailiff and a correctional officer made to jurors about Davidson;

  - **15**: that the prosecution engaged in various kinds of misconduct during opening and closing statements and while questioning witnesses;

  - **16**: that the trial court failed to adequately determine the extent of pretrial publicity and its impact on jurors; improperly allowed the victim's daughter to sit at the prosecution table; and failed to excuse Juror Jackson for cause;

  - **17**: that the guilt phase of Davidson's trial was improperly tainted with victim impact evidence, including emotional reactions by the victim's daughter while testifying.

(Doc. Nos. 25, 47.)

The parties are ORDERED to file supplemental briefing regarding the claims that Davidson has not waived. Davidson shall address any relevant arguments alluded to but not made in his earlier filings, including why those arguments are not now waived. The parties shall also

address the effect of any relevant intervening case law and the Court's orders denying Davidson's motions for discovery and a *Martinez* evidentiary hearing on Davidson's claims. The parties also may address the Court's finding that Davidson has waived the unargued claims in his amended petition.

Davidson's supplemental brief shall be limited to twenty-five pages and shall be filed no later than May 23, 2022. The State shall file a response limited to twenty-five pages within twenty-eight days after being served with Davidson's supplemental brief. Davidson may file a reply limited to five pages within fourteen days of being served with the State's response.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge